# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| NASH N. TUTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV424-004 |
| | ) |
| DENISE L. COOPER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Nash N. Tuten filed this 42 U.S.C. § 1983 case, alleging a warrant, presumably for his arrest, was issued without probable cause, he was deprived of due process, the Grand Jury "failed to bring back a true return," and the City of Savannah breached a contract. Doc. 1 at 4. He did not pay the filing fee or move to proceed *in forma pauperis*. *See* doc. 2. He also did not comply with the District Judge's Order concerning assignment of this case to a United States Magistrate Judge. *See* doc. 5 & 7. Finally, his responses to the Clerk of Court's notices of his various deficiencies indicates that he has abandoned this case.

1

Tuten's failures to pay the filing fee and to comply with the Court's Order concerning assignment of this case to a United States Magistrate Judge warrant dismissal of his Complaint. In response to the Clerks' Notice that he failed to either pay the required filing fee or move to proceed *in forma pauperis*, Tuten responded, in part: "Please stop filing! To bias to prejudice. Don[']t worry about filing. . . . It don[']t make sense to go further with this Court." Doc. 4 at 1. The District Judge's Order expressly warns that a party "failing to timely file an executed Statement Regarding Assignment of Case to United States Magistrate Judge may face sanctions including but not limited to the striking of the party's claims or defenses." Doc. 3 at 3. The Clerk notified Tuten that the form he submitted was not compliant with that Order. *See* doc. 7 at 1. Tuten did not respond to that Notice. *See generally* docket.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket.");

*Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Tuten's failure to pay the required filing fee or move to proceed *in forma pauperis*, to comply with the Court's Order, and his apparent express statement of his intent not to prosecute this case each provide sufficient reason to dismiss his Complaint.

Accordingly, Tuten's Complaint should be **DISMISSED**. Doc. 1. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 22nd day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA